KOLLER LAW, LLC
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B *Attorneys for Plaintiff*
Philadelphia, PA 19103
(T) 215-545-8917
(F) 215-575-0826

Law Office of Faye Riva Cohen, P.C.
Faye Riva Cohen, Esquire
2047 Locust Street
Philadelphia, PA 19103
(T) 215-563-7776
(F) 215 563 9993

## IN THE UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA CHINERY** | : | |
| 220 Taylor Ave | : | |
| Essington, PA 19029 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| **AMERICAN AIRLINES** | : | |
| 4333 Amon Carter Blvd | : | |
| Fort Worth, TX 76155 | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Melissa Chinery, (hereinafter "Plaintiff), by and through undersigned counsel, hereby files this complaint in her action against Defendant American Airlines (hereinafter "Defendant"). Plaintiff is alleging that she was subject to gender/sex discrimination and a hostile and unsafe working environment based on gender/sex in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff also alleges that she was subject to unlawful retaliation for opposing the discrimination in violation of Title VII and the PHRA.

## PARTIES

1.  Plaintiff, Melissa Chinery, is a resident of Philadelphia, Pennsylvania.

2.  Plaintiff is a member of a protected class, in that she is a woman.

3.  Defendant American Airlines is a major international airline company with a principal place of business at the above captioned address.

4.  At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5.  At all times hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of discriminatory treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

### JURISDICTION AND VENUE

6.  The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts within this state and judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7.  This Court may exercise original subject-matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

2

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§1391(b)(1) and 1391(b)(2) because Defendant is located in and/ or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted her administrative remedies, as required under federal and state law.

10. Specifically, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 13, 2015.

11. The EEOC issued Plaintiff a Notice of Right to Sue letter that was dated February 29, 2016.

12. Plaintiff filed the instant Complaint within ninety days from her receipt of the aforementioned Notice of Right to Sue letter.

## FACTS

13. Plaintiff has worked for Defendant for nineteen (19) years as a flight attendant. She was hired on November 4, 1996. Her immediate supervisor is Andrew Perkins.

14. In or around November 10, 2014, Plaintiff sought a position within her local Union office.

15. Plaintiff was aware that this position was high profile, but was not expecting the unlawful campaign of gender-based harassment via social media she fell victim to from her male colleagues shortly after announcing her run for this office.

16. After seeking said position, she was targeted in unlawful ways by a group of male flight attendants who are based in Philadelphia.

3

17. This group of male flight attendants referred to themselves as different terms in social media outlets.

18. The harassment included, but was not limited to, a campaign of harassment on various social media outlets, including Facebook.

19. The harassment on social media outlets included, but was not limited to, the following:

   a.   Name calling, such as calling Plaintiff "cunt" and

   b.   Name calling, such as "flipper" (a synonym for "prostitute").

20. Plaintiff complained to Defendant's Human Resource Department almost immediately upon falling victim to the gender-based harassment.

21. Plaintiff's first complaint was in or around January 6, 2015, and specifically was about the gender-based harassment she suffered on social media.

22. Plaintiff complained on numerous occasions, specifically about the harassment and the numerous and repeated violations of the American Airlines Social Media Policy.

23. Plaintiff complained on January 14, 2015 and January 15, 2015 to Defendant.

24. She complained to Ray Stayhouse, Defendant's corporate security, on February 26, 2015, about the months of gender based harassment she endured on social media, and how she expected it to continue.

25. On February 27, 2015, Plaintiff received a telephone call from Dan Cleverly, Senior Specialist in Defendant's Human Resource Department, to discuss the harassment complaints. Mr. Cleverly advised Plaintiff that she could submit her complaints anonymously.

26. On or about March 6, 2015, Plaintiff received a copy of Defendant's Social Media Policy.

4

27. On or about March 12, 2015, Plaintiff wrote to Mr. Cleverly, explaining that the harassment continued and asking why nothing had been done yet to stop it.

28. On March 16, 2015, Plaintiff sent more emails and screen shots to Defendant as examples of the gender based harassment she and other women experienced at Defendant.

29. On March 25, 2015, Mr. Cleverly left Plaintiff a message advising her that the matter was being investigated.

30. On March 26, 2015, Plaintiff contacted Mr. Cleverly to inquire as to the status of the investigation.

31. On April 1, 2015, Plaintiff submitted more proof to Mr. Cleverly of the gender based harassment on social media, specifically by Dan Datzer.

32. On April 2, 2015, Plaintiff contacted Mr. Cleverly to inquire about the status of the investigation.

33. Later that day, Ana Burke Leon was assigned to the matter by Defendant.

34. On April 22, 2015, Ms. Leon made arrangements to meet Plaintiff in Philadelphia to obtain Plaintiff's statement.

35. On April 27, 2015, Plaintiff emailed Ms. Leon and asked her why at this time did she have to repeat the entire story again, and inquired about what had been done up to this point in time.

36. On April 29, 2015, Plaintiff met with Ms. Leon in Philadelphia for a meeting. Plaintiff provided an additional 200 screen shots of evidence of the gender based harassment on social media she and other female employees suffered.

37. On May 20, 2015, Plaintiff was notified by Defendant that her complaint was resolved.

38. On June 1, 2015, Plaintiff wrote to Ms. Leon and inquired about whether any safeguards were put in place to protect Plaintiff, and advised Ms. Leon that she was being called a "snitch" at work and that she was worried about retaliation.

39. On June 8, 2015, unsatisfied with the actions and inactions taken by Defendant, Plaintiff wrote to Ms. Leon and advised of her intention to file with the EEOC.

40. At this point in time, Ms. Leon expressed her preference to communicate with Plaintiff on the telephone.

41. On August 5, 2015, Plaintiff received a letter that stated "though the facts do not support a harassment claim, I can tell you that the appropriate action has been taken to ensure that such conduct does not repeat itself."

42. On October 5, 2015, Plaintiff received a call from the Regional Director of Flight Attendants, who advised that she was being turned in for a video.

43. On November 3, 2015, Plaintiff received a formal directive to appear before her Base Manager and the Director of Human Resources on November 9, 2015.

44. On November 9, 2015, Beth Williams and Lorraine Derstine, the Base Manager and Director of Human Resources, respectively, met with Plaintiff to advise her that four employees reported her for a video she posted on social media. Plaintiff was ultimately cleared of any wrongdoing and asked to file retaliation complaints against the four individuals who reported her, including Jim Brown.

45. On November 20, 2015, Plaintiff received a letter from Defendant advising that the Defendant is unable to substantiate her complaints.

46. Plaintiff responded in writing asking why documentation was placed in her file regarding these matters when she was specifically told that would not happen.

47. On November 23, 2015, Plaintiff wrote to Ms. Derstine to reiterate her intentions to proceed with retaliation complaints against Jim Brown.

48. On December 3, 2015, Plaintiff advised Human Resources that because nothing has been done to address her complaints, she intends to file with the EEOC as she felt she exhausted all internal remedies.

49. Unfortunately, Defendant did nothing to remedy the situation.

50. Defendant has refused to protect Plaintiff and has disregarded her complaints of the aforementioned harassment.

## COUNT I - GENDER DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

51. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

52. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

53. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II - GENDER DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

54. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

55. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

56. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III - SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

57. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

58. The foregoing conduct created a sexually hostile work environment for Plaintiff.

59. Plaintiff suffered intentional discrimination because of her sex.

60. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

61. The discrimination detrimentally affected Plaintiff.

62. Plaintiff suffered tangible employment actions as alleged herein.

63. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

64. *Respondent superior* liability exists such that Defendant is liable.

65. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

66. Defendant is not entitled to an affirmative defense.

67. Defendant knew or reasonably should have known of the sexual harassment.

68. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV  - SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

69. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

70. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

71. The foregoing conduct created a sexually hostile work environment for Plaintiff.

72. Plaintiff suffered intentional discrimination because of her sex.

73. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

74. The discrimination detrimentally affected Plaintiff.

75. Plaintiff suffered tangible employment actions as alleged herein.

76. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

77. *Respondent superior* liability exists such that Defendant is liable.

78. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

79. Defendant is not entitled to an affirmative defense.

80. Defendant knew or reasonably should have known of the sexual harassment.

81. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

      **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

82. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

83. Plaintiff engaged in activity protected by Title VII when she complained to Defendant about the gender based harassment on social media.

84. Defendant took adverse employment actions against Plaintiff.

85. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

 **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS COMMISSION**

86. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

87. Plaintiff engaged in activity protected by PHRA when she complained to Defendant about the gender based harassment on social media.

88. Defendant took adverse employment actions against Plaintiff.

89. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**Prayer for Relief**

 **WHEREFORE**, Plaintiff requests that the Court grant her the following relief against Defendant:

  (a) Compensatory damages;

  (b) Punitive damages (where applicable);

  (c) Liquidated damages (where applicable);

10

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

Respectfully Submitted,

**KOLLER LAW, LLC**

11

June 1, 2016                      **By:**     **DAVID KOLLER**
                                             David M. Koller, Esquire
                                             Attorney ID No. 90119
                                             2043 Locust Street, Suite 1B
                                             Philadelphia, PA 19103
                                             215-545-8917

                                             Faye Riva Cohen, Esquire
                                             2047 Locust Street
                                             Philadelphia, PA 19103
                                             215-563-7776

                                             *Counsel for Plaintiff*